

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00200-CR

---

GARY LADALE CRISTON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 52955-B

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef
Concurring in Part and Dissenting in Part Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Gary Ladale Criston pled guilty to possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). Criston also pled true to the State's habitual punishment enhancement allegations. *See* TEX. PENAL CODE ANN. § 12.425(b). Pursuant to the terms of a plea bargain, the trial court sentenced Criston to ten years' imprisonment and imposed a $1,550.00 fine but suspended the sentence in favor of placing Criston on community supervision for five years. The State later alleged that Criston violated the terms and conditions of his community supervision by possessing methamphetamine and a usable quantity of marihuana, failing to complete community supervision as ordered, and possessing a firearm as a felon. After a revocation hearing, the trial court found the State's allegations true, revoked Criston's community supervision, and sentenced him to five years' imprisonment with a $1,550.00 fine. The trial court also assessed $425.00 in attorney fees for his court-appointed counsel during revocation. Criston appeals.

Criston's counsel filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10

(Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 31, 2025, counsel mailed to Criston copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Criston's signature. Criston was informed of his rights to review the record and file a pro se response. Also on March 31, we informed Criston that his motion for pro se access to the appellate record was due on or before April 16. On April 24, this Court further informed Criston that the case would be set for submission on the briefs on May 15. We received neither a pro se response from Criston nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[1]


Charles van Cleef
Justice

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

CONCURRENCE IN PART AND DISSENT IN PART

I agree with the majority opinion that, after a review of the entire appellate record, we have independently determined that no reversible error exists. *See Bledsoe*, 178 S.W.3d at 826–27. For that reason, I concur with the majority.

That said, non-reversible error is found in the trial court's assessment of attorney fees during the revocation proceedings. The record shows that the trial court found Criston indigent before the revocation hearing and appointed counsel for him. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04 (p) (Supp.). Attorney fees may only be assessed "as a reimbursement fee" "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *Moody v. State*, No. 06-24-00122-CR, 2025 WL 470143, at *2 (Tex. App.—Texarkana Feb. 11, 2025, no pet.) (mem. op., not designated for publication) (quoting *Armstrong*, 340 S.W.3d at 765–66). Even so, and without any factual basis to support the determination that Criston had the financial resources to pay, both the trial court's judgment

and the clerk's record reflect that Criston was ordered to pay $425.00 in attorney fees for court-appointed counsel during revocation.

In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)). Because the appellate record fails to show some factual basis to support the determination that Criston had the ability to pay any attorney fees, I would delete the assessment of attorney fees against him. For these reasons, I respectfully dissent.

Scott E. Stevens
Chief Justice

Date Submitted:     May 15, 2025
Date Decided:       April 22, 2026

Do Not Publish

5